Ball et al. vs. Executors.

## No. 10,133.

MRS. SARAH J. BALL ET AL. VS. MRS. JULIA M. BALL AND CHARLES W. BALL, EXECUTORS.

The will contained the following clauses:

The money collected from my life insurance " will more than pay every debt I owe on earth, and as I desire, leave my property to my heirs, to be equally divided among them according to the laws of the State of Louisiana,

" I leave to my brother, Dr. J. W. Ball, $2500, and to my sister, M. J. McK., $1500, which my executers will pay out of the first moneys realized from my estate."

Held, that the insufficiency of the insurance money to pay the debts and the necessity of paying the legacies out of the *property*, furnishes no ground for rejecting the legacies. The expectation and desire expressed in the first clause are entirely subordinated to the command expressed in favor of the special legatees, to whom the testator seems to have desired to give a preference even over creditors by directing their payment out of the *first* moneys realized.

Even if the two clauses were contradictory, the last written would prevail under Art. 1723 Rev. Civil Code.

APPEAL from the Fifteenth District Court, Parish of West Feliciana. *Yoist*, J.

*W. W. Leake* for Plaintiffs and Appellees.

*Wickliffe & Fisher* for Defendants and Appellants.

The opinion of the Court was delivered by

FENNER, J.    William Ball died leaving a will, of which he appointed the defendants to be executors.    They opened his succession, qualified as executors, and made a partial administration of the estate, of which they filed a provisional account which was homologated, but the administration has never been completed and no final account has been rendered.

The will contained the following special bequests:    " I leave to my dear brother, Dr. Immer W. Ball, twenty-five hundred, and to my dear sister, Mary J. McKnight, fifteen hundred dollars, which my executors will pay out of the first moneys realized from my estate."

Dr. Immer W. Ball died subsequently to the testator, and the plaintiffs are admitted to be his heirs.

They demand in this action, on appropriate averments, that defendants be ordered to file a full account of their administration within a delay fixed, and, in default thereof, they pray for a judgment against said executors in the amount of the special legacy aforesaid due to their ancestor.

The sole defense is, in substance, that under a proper construction of the will, the legacy aforesaid is not due and payable.

This contention is based on the clauses of the will. The testator left several policies of life insurance in the hands of creditors as security for debts due them, which he mentions, and then proceeds as follows: " I have two policies of $5000 each in the Massachusetts Mutual Life Insurance Company, made payable to my executors. This, together with the four others, making in all $50,000, were made for the benefit of my creditors, in order that my real estate and personal property should go to my family clear of incumbrances or debt of any kind, and if these policies are all paid, of which I have no doubt, they will more than pay every debt I owe on earth, and, as I desire, leave my property to my heirs, to be equally divided among them according to the laws of the State of Louisiana."

This is immediately followed by the special bequests heretofore quoted.

Now defendants show that all the assets of the succession have been consumed in the payment of debts except the real estate and personal property attached thereto, and they claim that the heirs are entitled to hold this property free from contribution to the special legacies aforesaid.

It is doubtless true that the testator expected that his insurance money would pay all his debts and perhaps leave a surplus to be applied to the special legacies; but his error in this respect cannot modify the positive disposition in favor of the legatees, to whom, indeed, he seems to have desired to give a preference even over creditors by directing his executors to pay them "out of the *first* moneys realized from my estate."

Even if there were inconsistency between the two clauses quoted, Art. 1723 of the Civil Code would give effect to the one containing the special legacies as being the last written. But there is no inconsistency; the desire and expectation expressed as to result of the liquidation of his estate, are entirely subordinate to the positive command to pay the special legacies. We are not at liberty to conjecture what would have been his wish on this subject if he had foreseen the actual result of this liquidation. We must take his will as he has written it. *Cum in verbis nulla ambiguitas est, non debet admitti voluntatis quæstio.*

The legatee, Dr. Immer W. Ball, never made any renunciation, express or implied, of his right under the will, and his mere failure to demand payment during his life-time cannot operate to deprive his heirs of their legal rights.

Judgment affirmed.