BLANCHARD, J.
Dr. A. Maguire died in July 1899, leaving a widow, who is the pres-, ent defendant, and four children, two sons and two daughters.
The two sons are plaintiffs herein.
One of the daughters married in Canada and resides there.
She was left certain bequests in the will of her father, which, if accepted by her, were to be in full of her rights as heir. She accepted the same and renounced any further share in the estate.
The other daughter is the wife of W. S. Fluker and resides with her mother.
Dr. Maguire, by his will, left all of his estate, save that given the daughter in Canada, to his other three children, bequeathing, however, the usufruct of the same (that is to say, of the shares of the said three children) to his wife during her life.
His estate was 'of considerable value, aggregating something less than $80,000.00. While it was all community in character, the community owed the separate estate of the husband a sum about equal to the value of the property.
So that, for all practical purposes (so far as the widow and heirs are concerned), the whole of the estate was the separate property of the husband.
The Succession of Dr. Maguire was opened *282 on the petition of his widow, the will was probated, the widow recognized as executrix without bond, and confirmed as such. This was in July, 1899.
A year later an agreement was entered into between the three heirs (exclusive of the daughter in Canada) and their mother, the surviving widow, in which it was conceded that the indebtedness of the community 'to the sefiarate estate of the husband about covered the value of the community property, and that Charles B. Maguire, Joseph R. Maguire and Mrs. Fluker, their sister, were entitled to be recognized as sole heirs of all the property (save that bequeathed and accepted by the daughter in Canada in full of her share) of the Succession of their father and sent into possession as such, subject to the testamentary usufruct of their mother.
This agreement was filed in the succession record, called to the attention of the court, and predicated on it a judgment was signed recognizing the two Maguires mentioned above and their sister, Mrs. Fluker, as the sole heirs of Dr. Maguire, and as such entitled to his estate, and they were ordered put into possession of same in the proportion of one undivided third to each, subject to the usufruct of their mother. This judgment was signed June 12, 1901.
In August following, the present suit was instituted by the two sons against their mother to compel her as testamentary usufructuary to give bond to secure to them the eventual return of their property when the same shall have been freed from the usufruct. They each demand a bond for $30,000.00, which they estimate as the value of their respective interest in the estate, and they ask that, if no bond be furnished, the property burthened with the usufruct be placed in the registry of the court — the annual revenues thereof be paid to the usufructuary.
After her exceptions of misjoinder of parties and vagueness of demand had been overruled (and properly so), defendant answered, in substance, that by the terms of the will instituting her the usufructuary of the property of the estate she is exempted from the obligation to give security; that by the judgment in the Succession of Dr. A. Maguire she was put into possession as usufructuary, which judgment was rendered by consent of the heirs; that the effect of this judgment was and is to relieve her from giving security; and that such was the understanding of the parties.
From a judgment maintaining this defense, plaintiffs prosecute this appeal.
Ruling — There is no basis left for the defendant to claim the usufruct as widow in community.
Nor do we understand that she does.
It is as testamentary usufructuary alone that she is before the court.
The general rule is all usufructuaries must give bond. The obligation of this bond is that the usufructuary will use, as a prudent administrator would do, the property subject to the usufruct, and that he will faithfully fulfill all the obligations imposed on him by law, and by the title under which his usufruct is established. Civ. Code, art. 558.
The giving of bond and security by theusufructuary may be dispensed with by the act by which the usufruct is established. Civ. Code, art. 558.
So, too, those in interest — those who own. the property subject to the usufruct, as for instance where, as here, the usufruct is willed to one and the naked ownership to others-—may waive the bond and consent to the usufructuary holding the property without the security contemplated by the law.
The questions, therefore, which arise for determination are (1) whether by the terms of Dr. Maguire’s will, instituting his wife usufructuary, she is exempted from giving bond and security; (2) whether the three heirs, who own the naked ownership of the property subject to the usufruct, have consented to their mother’s holding the property during her life time without bond and security.
We do not find that the will of Dr. Maguire dispenses the usufructuary from giving bond.
One of the clauses of the will relied on by her counsel as showing intention on his part to exempt her from the bond is the following, copied from the original will before us, care being had to use the testator’s punctuations-as well as words: — ' *284 otherwise disposed of. She will enjoy the interest of what I possess and I hope it will be sufficient to keep her in comfort and ease.”
*282 “I wish that the property, money, bonds &c. that I may possess, will be taken charge of by my wife, whom I name my executrix without bonds, to administer upon, collect whatever is due me by private individuals, banks or bonds, except what is hereinafter
*284 The testator, in this passage, clearly expresses himself as to his executrix being dispensed from giving bond. He names his wife executrix without bond. But there is no expression that can be reasonably interpreted as exempting the wife as usufructuary from giving bond.- The word “usufruct,” or “usufructuary” is not used at all. The expression “she will enjoy the interest of what I possess, and I hope it will be sufficient to keep her in comfort and ease” seems to point to something the testator had in his mind and which he intended to put in the will before he concluded it, and that, doubtless, was a clause instituting his wife the usufructuary of his estate.
' And so at the close of the will, we find such a clause. It is in these words:—
“I hereby appoint my wife Mary Theresa Leake my executrix without bond and to .enjoy all the interest of my estate during her natural life, except what is disposed of to Marie and her children.” (Italics ours.)
The “Marie” referred to was his daughter in Canada (Mrs. Pinsonneault).
But in this clause specifically instituting his wife the usufructuary of the greater part of his estate, we find nothing that dispenses with the bond and security which, in general, usufructuaries must give.
There are other clauses in the will which allude to the wife’s status as usufructuary, but none of them are specific and none of them dispense from bond.
There are expressions where he used the words “wife and executrix” together, thus: —“If my wife and executrix should judge proper, etc.” — and from this it is argued that in thus blending the two, the testator understood and intended his wife and executrix should give no bond.
But he nowhere said his “wife and executrix” should give no bond. Invariably it was that his executrix was to give no bond.
In Succession of Steele, 23 La. Ann. 734, it was held:—
“If by testamentary disposition the wife has been appointed executrix and given the usufruct of the estate of her husband, she may, on the application of the heirs or the legatees, be required to give security.”
In other words, where a testator instituted his wife his usufructuary and at the same time appoints her executrix without bond, she, as usufructuary, is not dispensed from giving bond. If he wished her to be relieved of bond as usufructuary, it was just as easy to say so as it was to say it when he named her executrix.
If Dr. Maguire intended his wife to be his usufructuary without bond, then it is a case quod voluit non dixit. While in the interpretation of wills the intention of the testator is to be the guide of courts, such intention must be gathered from the quod dixit. Construction must not be placed upon wills so as to put in the mouth of the testator that which he refrained from saying. We must take his will as he has written it. City v. Hardie, 43 La. Ann. 251, 9 South. 12; Ball v. Ball, 40 La. Ann. 285, 3 South. 644.
It is instructive, in this connection, to note that when in July, 1899, within a few days following the death of her husband, the widow presented her petition for the probate of his will, she made no contention that she was usufructuary under the will without bond. She referred to her appointment as executrix without bond and with seizin and asked to be recognized as such; and while she also referred to the fact the will instituted her usufructuary for life, she claimed not that it was without bond.
Thus she set forth:—
“Your petitioner, moreover, avers that her said late deceased husband left a last will and testament, in olographic form * * * under which he appointed your petitioner sole executrix of said will, with seizin of his estate without bond, and has also named your petitioner as usufructuary of his estate during her life.”
Nor do we find that the heirs who own the naked ownership of the property subject' to usufruct have consented to their mother’s holding the property during her life time without bond and security as usufructuary.
• The agreement of compromise and settlement of June, 1901, does not do so.
• True, in that document we find it stipulated that the two Maguires (plaintiffs herein) and their sister, Mrs. Eluker, should be recognized as sole heirs and put. in possession of all the.property of the,estate .(save *286 that willed to the daughter in Canada) “subject, however, to the testamentary usufruct of their said mother, Mrs. Mary Maguire, as established by the will of their said father, which said usufruct is hereby agreed to and allowed by the said heirs.”
This refers only to the usufruct as established by the ivill. We have seen the will established an usufruct, but not one without bond. The heirs recognized and allowed the testamentary usufruct only, in their said agreement. The terms are express and precise. To the extent Mrs. Maguire was made usufructuary by the will, she was to continue so under the terms of the agreement-no more, no less.
The agreement seems to have been intended as a compromise of other matters of dispute that had arisen between herself and the heirs, and the heirs between themselves. Thus, it begins with this sentence:—
“In order to compromise and settle the controversies regarding the will of Dr. Annibal Maguire and such other matters as are specifically mentioned herein, and loith full reservation of any and all other rights the following agreement is made,” etc. (Italics ours.)
If it had been intended the agreement should settle that the widow was not to be called on to give security as usufructuary, it is singular that a clause to that effect was not inserted in it.
Instead, she was left with only the usufructuary rights accorded her by the will. The agreement did not add what the will omitted, that she was to enjoy the usufruct without bond. And it was careful to use terms of reservation of all rights as to matters not specifically mentioned and settled therein.
The judgment of the court-, into which the agreement was condensed, did nothing more, so far as'the widow’s usufruct was concerned, than to recognize it as existing to the extent as established by the will.
We are constrained to hold, therefore,' that neither under the terms of the will nor those of the agreement has the usufructuary widow been relieved from the legal obligation of giving bond and security.
In deciding otherwise our ’brother of the court a qua was in error.
The case' must be remanded on the question of the amount of bond she is to give. That has not been passed upon by the trial court. The daughter, Mrs. Fluker, is not demanding bond of the usufructuary. Some of the immovable property of the estate appears to be in the possession of one of the plaintiffs and the title to another piece of such property was taken in the name of the other plaintiff, though the funds used in its purchase were, admittedly, those of the estate.
These and other matters may well enter into consideration in determining the amount of security Mrs. Maguire is to furnish. They are matters to be passed upon, primarily, by the lower court.
For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and that this cause be remanded to the court a qua to be proceeded with according to the views herein expressed and the law — costs of appeal to be borne by defendant and appellee.