HALL, Judge.
Mrs. Stella Blanchard Glaze died at her domicile in Washington, D.C. on September 12, 1965 leaving a last will and a codicil thereto which were duly probated in the District of Columbia. Included in the will and “confirmed” in the codicil is a special legacy to Gladys Rabensteiner and Stella Lendresse (two nieces of the testatrix) of a parcel of real estate situated in the City of New Orleans. Ancillary proceedings were instituted in the Civil District Court for the Parish of Orleans and the will and codicil were therein probated and ordered executed. Thereafter Gladys Rabensteiner filed in the ancillary proceedings a petition for possession of the New Orleans real estate alleging that her colegatee, Stella Lendresse, had predeceased the testatrix, and, on the theory that the legacy to the two of them was a conjoint legacy, prayed that she be recognized as the sole surviving legatee of the real estate and that she be put in possession of the entire bequest by right of accretion. To this petition for possession two legal heirs of the testatrix, Lavinius Williams and Jeanne Len-dresse Fowler, filed oppositions contending that the bequest was non-conjoint and therefore accretion did not take place in favor of the petitioner but on the contrary the legacy as to Stella Lendresse lapsed at her death and the share of the real estate which she would have taken had she not pre-deceased the testatrix devolved upon them as legitimate heirs of the decedent. (See LSA-C.C. Art. 1709)
Following a hearing on the oppositions the District Judge rendered judgment in favor of the petitioner, Gladys Raben-steiner, decreeing the doctrine of accretion applicable and placing her in sole possession of the parcel of real estate in its entirety. The two opponents perfected a joint appeal from that judgment.
The sole issue presented for our determination is whether the legacy to petitioner is conj oint or non-conj oint.
The will and codicil are typewritten documents evidently prepared by an attorney. The bequest to petitioner and Stella *844 Lendresse as contained in the will reads as follows:
“Second: I give, devise and bequeath * * * my vacant lot on So. Carrollton Avenue, bounded by Apple, Nelson and Dublin Streets, New Orleans, Louisiana, in fee simple, absolutely, equally to my two nieces, Gladys Rabensteiner, 4703 So. Carrollton Avenue, New Orleans, 19, Louisiana, and Stella Lendresse, 4420 LaBranche Street, Apt. 1, Houston, Texas, children of my deceased brother, Dawson A. Blanchard.” (emphasis supplied)
The codicil contains the following language :
“Ninth: I confirm the devise of my vacant lot on So. Carrollton Avenue, bounded by Apple, Nelson and Dublin Streets, New Orleans, Louisiana, my two nieces, Gladys Rabensteiner and Stella Lendresse, children of my deceased brother, Donald A. Blanchard, and confirm each and every other item of my said will of February 25, 1950.”' (emphasis supplied)
The Civil Code Articles pertinent to the matter at hand read as follows:
“Art. 1706. The right of accretion relative to testamentary dispositions, shall no longer subsist, except in the cases provided for in the two following articles.” (LSA-C.C. Art. 1706)
“Art. 1707. Accretion shall take place for the benefit of the legatees, in case of the legacy being made to several conjointly.
“The legacy shall be reputed to be made conjointly when it is made by one and the same disposition without the testator’s having assigned the part of such co-legatee in the thing bequeathed.” (LSA-C.C. Art. 1707)
“Art. 1708. It shall also be reputed to be made conjointly when a thing, not susceptible of being divided without deterioration, has been given by the same act to several persons, even separately.” (LSA-C.C. Art. 1708)
The District Judge in holding the bequest in question to be conjoint reasoned that if the testamentary disposition of the New Orleans property to the two named nieces existed only in the form and substance contained in the codicil then such a disposition having failed to assign a part to> each legatee would have been conjoint and the undisposed of share of the niece who predeceased the testatrix would have accreted to the surviving co-legaee under LSA-C.C. Art. 1707. He further reasoned that since there exists the provision of the will making disposition of the New Orleans property to the two nieces “equally” there exists a conflict as to whether or not the devise of the New Orleans property to the two nieces was conjoint. In order to resolve that conflict the District Judge (citing LSA-C.C. Art. 1712; Lebeau v. Trudeau, 10 La.Ann. 164; Succession of Price, 202 La. 842, 13 So.2d 240) endeavored to find the true intent of the testatrix from an examination of the other dispositions in the will. He found from such examination that the vast majority of the other dispositions were in the form and substance of vulgar substitutions specifically providing for the alternative succession of her property should the respective particular legatees predecease her. Since she did not do this regarding the disposition in question the District Judge concluded that the testatrix intended this legacy to be conjoint to her two nieces.
The language of the original will states that' the property is bequeathed “in fee simple, absolutely, equally to my two nieces.” Undoubtedly use of the word “equally” by the testatrix connotes an assignment of parts as to the named co-legatees. The bequest as it appears in the will was therefore distributive and not conjoint and the lapsed portion resulting from the death of one niece did not accrete to the surviving legatee. (See Succession of *845 McCarron, 247 La. 419, 172 So.2d 63, which is the latest expression of the Supreme Court interpreting the codal articles.)
In the codicil the testatrix states: “I confirm the devise of my vacant lot on So. Carrollton Avenue * * * to Gladys Rabensteiner and Stella Lendresse * * * and confirm each and every other item of my said will of February 25, 1950.” Although the codicil does not contain the word “equally” we do not agree that this omission either amended or created a conflict with the provisions of the original will. The clear meaning of the word “confirm” as contained in the codicil is one of affirmation and not one of negation or amendment. We cannot agree with plaintiff’s contention that while the codicil confirmed the bequest of the property to the two nieces the mere omission of the word “equally” therein shows a clear intention on the part of the testatrix to alter the manner in which they were to receive it. In our opinion the codicil simply confirmed the bequest as it existed in the original mil. If the testatrix had intended to alter the original bequest in any manner she would not have “confirmed” it but would have done so in explicit language.
We find no reason to, look elsewhere to ascertain the testatrix’x intent. However we have examined the other provisions of the original will and have found, as did the District Judge, that in a majority of her other dispositions the testatrix provided for alternate legatees should any of the named legatees predecease her. This she did not do with respect to the disposition in question. Plaintiff contends that since the bequest in question here (unlike the. other bequests) does not provide for alternate legatees in the event both of the named legatees should predecease the testatrix, it shows an intent on her part that the two named legatees and they alone or either of them, should inherit the property. Such a contention is untenable being contrary to the decision in Succession of McCarron supra which holds that when a particular bequest is made to two persons “equally” and one of them predeceases the testatrix the legacy does not accrete to the surviving legatee. In endeavoring to ascertain the testator’s intent we cannot depart “from the proper signification of the terms of the testament.” (See LSA-C.C. Art. 1712) As said in Maguire v. Maguire, 110 La. 279, 34 So. 443, the testator’s intention must be gathered from the quod dixit.
Turning to the codicil we find that it confirmed in globo most of the vulgar substitutions contained in the original will. However in confirming the bequest to petitioner and Stella Lendresse it omitted the word “equally”. That fact in itself does not in our opinion show that the testatrix had changed her original intent with regard to this legacy and so we are right back where we started. What did the testatrix “confirm” with regard to the legacy in question? Since there is no clear showing that in confirming the bequest the testatrix intended to change the manner in which the legatees were to receive it we are of the opinion that the codicil confirmed the bequest as it existed in the original will.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered rejecting the claims of the petitioner, Gladys Rabensteiner, and dismissing her petition; costs of both Courts to be borne by her. The ancillary succession proceeding is remanded to the Civil District Court for further proceedings according to law and consistent with the views herein expressed.
Reversed and rendered; succession proceedings remanded.