SAMUEL, Judge.
This question presented by this appeal is what portions of decedent’s succession are to be inherited, respectively, by her two surviving daughters and by her two surviving grandchildren, the children of a predeceased daughter.
Decedent died on March 9, 1976, leaving a will dated January 10, 1973 and a codicil dated September 27, 1974. The pertinent portion of decedent’s will provides:
“Subject to the terms of the usufruct hereinafter set forth, I do give and bequeath the naked ownership of all the property belonging to my Estate to my three children, share and share alike. If any of my children should die without issue surviving, I do give the naked ownership of her portion to the other sisters or to their descendants; this in addition to their share hereinabove mentioned.”
The codicil only revoked the appointment of decedent’s sons-in-law as executors and named decedent’s surviving daughters as executrices. In addition, the usufruct mentioned in the quoted portion of decedent’s testament lapsed, since the usufructuary (testatrix’s husband) predeceased Mrs. Hirsch.
The facts were stipulated. Decedent had three children, Mrs. Jean Hirsch Frank, Mrs. Leola Hirsch Roos, and Mrs. Irma Hirsch, widow by first marriage of Frank Rosenthal and then wife of Myron Acker-man. Mrs. Ackerman died on January 29, 1974, subsequent to decedent’s will but pri- or to decedent’s death. Mrs. Ackerman was survived by two children, Alan and John Rosenthal.
The two surviving daughters, as testamentary executrices, filed a petition for declaratory judgment in the trial court seeking a determination of the proper distribution of the estate. Petitioners take the position they are entitled to 21/27ths of decedent’s estate and Mrs. Ackerman’s children are entitled to the remaining Vzitbs thereof rather than their mother’s %7ths. Alan and John Rosenthal, Mrs. Ackerman’s children intervened, taking the position they are entitled to their mother’s %7ths of the succession and that each of the executrices is entitled to the same proportion.
The trial court judgment declares Alan and John Rosenthal are entitled to an undivided 7/27ths of decedent’s succession and decedent’s two surviving daughters are jointly entitled to 20/27ths thereof. The Ro-senthals have appealed seeking an additional %7ths while their aunts seek an additional Vü7th.
The executrices have answered the appeal. Their position is that the legacy to their sister, Mrs. Ackerman, lapsed upon her death and became an intestate part of decedent’s succession.[1] Given this premise, they argue the trial court should have determined decedent’s grandchildren, the sons of Mrs. Ackerman, are only entitled to inherit the forced portion due them by representation of their predeceased mother, *1073 namely % of Vs or %ths of decedent’s succession. Thus, they contend they are entitled to 21/27ths of the succession, being the entire succession minus the forced portion due the grandchildren as shown in the preceding sentence.
Article 1712 of the Louisiana Civil Code provides:
“In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.” LSA — C.C. Art. 1712.
Louisiana law favors an equal distribution, together with a presumed intention to dispose of the entire estate by will; and unless the testator clearly expressed an intention to dispose of his property otherwise, the law is that he intended his succession to be divided equally.[2] In the recent case of Carter v. Succession of Carter,[3] the Louisiana Supreme Court summarized the general principles of will interpretation as follows:
“Principally, courts must endeavor to ascertain the testator’s intention. All other rules are only means to that end. The function of the court is to determine and carry out the intention of the testator if it can be ascertained from the language of the will.
‘This intention must be ascertained from the whole will, and effect must be given to every part of the will as far as the law will permit. No part of a will should be rejected, except what the law makes it necessary to reject. Where it is a question of the choice between two interpretations, one of which will effectuate, and the other will defeat, a testator’s intention, the court will carry out the intention of the testator.
‘There is also another rule which is invariably followed by the courts in interpreting a will; namely, that, if possible, the will should be read so as to lead to a testacy, not to an intestacy.’
In the absence of contrary expressions, the law presumes that when a will is executed the testator intends to dispose of his entire estate. And the cases have recognized that in the interpretation of wills, the first and natural impression conveyed to the mind or reading the will as a whole is entitled to great weight. The testator is not supposed to be propounding riddles, but rather to be conveying his ideas to the best of his ability so as to be correctly understood at first view.” (citations omitted).
In the present case the testatrix used the words “share and share alike”, thereby indicating her intention not to favor any of her daughters over the other. In the next sentence of her testament she provides the ownership of the portion of a predeceased child shall be given to the survivors if such predeceased child dies without surviving children. In that same sentence the will further states that, in the event of the death of any of the children “without issue surviving” the ownership of that deceased child’s portion is given to “the other sisters or to their descendants ” (emphasis ours). This language clearly indicates to this court that the testatrix’s intent was to give to the surviving issue of a predeceased child that portion which would have been taken by that predeceased child but for her death. The testatrix intended to give a predeceased child’s portion to the other two children only in the event the predeceased child died without descending heirs.
This situation is covered by at least two Louisiana cases. In Succession of Lacoume,[4] a Louisiana Supreme Court case which we are required to follow, the testatrix’s will contained the following provisions:
“ ‘One-third of my estate after paying the aforesaid amounts to my sister to each of my two sons who are now living, to-wit: C. M. W. Lacoume, a [sic] better knows as W. J. Lacoume, and Lucien A. Lacoume.
*1074 ‘One-third of my estate after paying the bequest to my sister to the children of my deceased son, Charles Lacoume, Jr., to-wit: Louis Lacoume and Hortense Lacoume, wife of Henry Arnold. . .
The testatrix in Lacoume provided for the division of her estate among her children and grandchildren in the proportion of Vs to each of her living sons and Vs to the children of her deceased son. From this bequest, the court concluded the testatrix contemplated division of her estate in roots, and nothing in the will showed an intention by the testatrix to prefer any of her children or to give them an extra portion. Consequently, the court refused to declare the bequest to the testatrix’s grandchildren to be a conjoint legacy, and divided the Vs of the estate between the testatrix’s surviving granddaughter and the children of her predeceased grandson.
A similar result was reached by this court in Succession of Higgins.[5] In Higgins, we held the testatrix’s succession should be divided between a son and the children of a predeceased son when the decedent bequeathed her entire estate to her two sons, “share and share alike”, and one of them predeceased her. This court concluded the wording of the testament required division of the succession into roots, and nothing in the will declared a contrary intent.
The reasoning of these two cases applies in the case now before us. The paramount issue is the testatrix’s intent in making the will, and we conclude she intended to divide her estate by roots so that the Vs portion which would have been taken by her predeceased daughter is taken by the sons of that daughter.
For the reasons assigned, it is ordered that there be judgment in favor of Alan Rosenthal and John Rosenthal and against Mrs. Jean Hirsch Frank and Mrs. Leola Hirsch Roos declaring Mrs. Jean Hirsch Frank and Mrs. Leola Hirsch Roos the owners and entitled to possession of an undivided Vs each of the decedent’s succession and declaring Alan Rosenthal and John Rosen-thal the owners and entitled to possession of an undivided Vs of the decedent’s succession. As thus amended, and in all other respects, the judgment appealed from is affirmed. The succession is to pay all costs of this appeal.

AMENDED AND AFFIRMED.

. Civil Code Article 1697.

. See Succession of Williams, 132 La. 865, 61 So. 852.

. La., 332 So.2d 439, at pages 441-442.

. 205 La. 511, 17 So.2d 726.

. La.App., 275 So.2d 447.