PONDER, Judge.
In this action on a construction contract, the trial court found for defendant and plaintiff appealed.
We affirm.
Plaintiff and defendant entered into a contract whereby defendant was to build a swimming pool. Plaintiff began complaining of the quality of the pool shortly after it was completed. He stated that algae formed, the water became muddy, the steps leading to the pool were misshapen, the skimmer and vacuum did not work, two holes appeared in the liner, the pool began to leak, and the side panels appeared to be misaligned.
The installation of a swimming pool is a construction contract and not a sale. Therefore the principle of redhibition is not applicable in such cases. Catalina Pools v. Sellers, 322 So.2d 812 (La.App.4th Cir.1975). See also the annotation at 1 ALR 870.
The applicable article is C.C. 2762, which states:
“If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks.”
The test to determine if plaintiff can recover is whether defendant performed the contract in a good and workmanlike manner. The plaintiff must prove this by a preponderance of the evidence either direct or circumstantial. A & M Pest Control Serv., Inc. v. Fejta Const. Co., Inc., 338 So.2d 946 (La.App.4th Cir. 1976).
Defendant asserts that the problems of algae and mud as well as the problems plaintiff had with the skimmer and vacuum were caused by the inexperience of plaintiff’s wife in maintaining the pool.
The misaligned panels and hole which caused the leak were found by the trial court to have been caused by a third party.
The problem with the steps was admitted by defendant. He also said he would have repaired them but that plaintiff hired another to do the job. Plaintiff deducted the cost of the repair from his final payment to defendant.
The trial court found that an agent of plaintiff who was hired to repair the steps caused the misalignment of the panels and that no water was observed leaking until this work was completed. The trial court also found that defendant was given no opportunity to repair the defects and that plaintiff had not proved a claim in redhibition.
Other questions on the quality of workmanship raised by plaintiff’s expert were improper installation of the deck supports and the absence of concrete on the A frame braces. Defendant testified that deck supports are optional on this model pool and *497 that plaintiff had not ordered any deck supports. He asserted that there was no need to pour concrete on the A frame braces because this pool was set in hard clay. Concrete is only “recommended” by the manufacturer and is not required.
The decision in this case depends greatly upon the credibility of the witnesses. The trial court preferred to believe defendant’s witnesses and there is evidence in the record to support that conclusion.
A review of the entire record does not reveal any manifest error. Therefore, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.