391 So.2d 974 (1980)
Anthony ABADIE and Chris Schubert
v.
Curtis T. MORALES.
No. 11445.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1980.
*975 Torres & Bischof, George N. Bischof, Jr., Chalmette, for Anthony Abadie, plaintiff-appellant.
Glenn E. Diaz, Chalmette, for defendant-appellee.
Before BOUTALL, SCHOTT and CHEHARDY, JJ.
CHEHARDY, Judge.
Plaintiff Anthony Abadie appeals from a trial court judgment dismissing at his cost his suit for personal injury damages against the defendant, Curtis T. Morales.
The record reflects that on November 19, 1974 at approximately 6 p. m., the plaintiff was operating a pickup truck on Louisiana Highway 46 (St. Bernard Highway) in a northward direction, and the defendant was operating a four-door sedan on the opposite lane of the highway, in a southward direction, when a collision between the two vehicles occurred.
At the trial on the merits in the district court the parties gave two completely different versions of the manner in which the accident happened.
The plaintiff testified there was a car parked on the side of the highway on which the defendant was driving and that the crash occurred in the plaintiff's lane as soon as Morales had passed the parked car. Abadie also stated when he saw the defendant's car coming, crossing into the plaintiff's lane, Abadie, in an attempt to avoid the defendant's car, drove his own truck into the northbound lane's adjacent ditch. As he tried to drive the car out of the ditch, however, he said the defendant's car hit his headlight, propelling the plaintiff's truck across the highway where it overturned in the southbound ditch.
The defendant testified, to the contrary, that although he did change lanes to go around the parked car, the parties' vehicles collided after he had returned his car to the southbound lane and had travelled thereon for approximately 150 feet. He stated his vehicle was completely in his own lane when it was struck by the plaintiff's truck, which only had one headlight, and that there was nothing he could do to avoid the collision. Morales' version of the occurrence was substantiated by Rhonda Couture, a passenger who was riding in the front seat of defendant's car. Both she and Morales also stated that neither of them spoke to the investigating police officer at the scene of the accident and that everyone in the defendant's car was subsequently transported by ambulance to a hospital.
Edwin Nunez, Jr., a deputy employed by the St. Bernard Parish Sheriff's Office, the investigating officer at the accident site, stated that due to the fact the accident occurred five years prior to the trial date, he did not have an independent recollection of the incident, but his report, based on his having talked with both drivers at the accident scene, showed the impact occurring directly to the side of the vehicle parked on the shoulder. Nunez testified the defendant told him he had cut into the opposite lane because of the parked car on the shoulder, and the plaintiff told him when the defendant's car came into his lane he pulled over to the right but could not avoid the crash. Although his report indicated he interviewed the defendant at the accident site, Nunez said he had no independent knowledge of having done so.
In giving his oral reasons for judgment from the bench, the district court judge stated in part:
"Mr. Abadie, your testimony was straight forward and direct and perhaps a little more so than Mr. Morales', but every plaintiff like yourself is required to prove his case by a preponderance of the evidence and if it were you and Mr. Morales only testifying I might have reached a different result but both Mr. Morales and his witness, who I have no reason to dispute, testified that the accident happened on their side of the road and that you were coming with one light and there has been no contradiction to that of the one light. * * * So, what really happened I don't know, but, I just don't feel that you were able to prove your case by the preponderance of the evidence despite *976 a very good job by your lawyer. So, I have no alternative but to dismiss your suit."
The record supports the trial judge's conclusion that plaintiff did not prove his case by a preponderance of the evidence. Although the police report substantiated the plaintiff's version of the accident, there was evidence presented at the trial that the information on the report was given mostly by the plaintiff, due to the fact that defendant was injured in the accident. Moreover, both the defendant and his passenger were consistent in narrating the actual events leading up to the collision.
Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973), articulates the standards to be applied in appellate review:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
Accordingly, we find no reason to disturb the trial court's findings of fact in the present case.
For the reasons assigned the district court judgment is affirmed.
AFFIRMED.