439 So.2d 572 (1983)
Ramon A. AIZPURUA, et ux.
v.
CRANE POOL COMPANY, INC., et al.
No. 83 CA 0032.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Writ Granted December 16, 1983.
*573 William D. Grimley, Baton Rouge, for plaintiff-appellant Ramon A. Aizpurua and Wanda D. Aizpurua.
Guy A. Modica, Sr., Baton Rouge, for defendant-appellee Crane Pool Company, Inc., Cory Crane, Edward M. Smith, Anna Lee Smith and Watts Brothers Builders, Inc.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Plaintiffs appeal the trial court's sustaining of the exceptions of no cause and no right of action and prescription asserted by defendant, Crane Pool Company, Inc. and Cory Crane (hereinafter referred to as "Crane").
On October 19, 1977, plaintiffs agreed to purchase from defendants, Edward M. and Anna Lee Smith, a home located in the Parish of East Baton Rouge. Mr. Aizpurua testified that under the terms of their purchase agreement, the Smiths were to repair existing cracks in the swimming pool and transfer any warranties held, if any. The agreement to purchase was consummated on December 6, 1977, at which time the plaintiffs assert that the pool evidenced no damage. Subsequently, the pool started to deteriorate in that the vinyl liner started tearing and the coping started to shift.
On May 28, 1981, plaintiffs filed suit against Crane, Edward M. and Anna Lee Smith (plaintiffs' vendors), and Watts Brothers Builders, Inc. (i.e., builders of the residence), seeking an award for the cost of repair of a swimming pool, for the loss of the use of the pool, for attorney's fees, and for "all other damages ... including inconvenience, anxiety and upset." An exception of no cause or right of action was filed by Crane on July 10, 1981. Subsequently, a peremptory exception of prescription was filed on August 17, 1982. At the hearing on the exceptions of prescription, no right of action and no cause of action, the trial court sustained all three exceptions.
Plaintiffs assert the trial court erred in (1) supplying a plea of prescription, (2) excluding the purchase agreement from evidence, and (3) granting the exceptions.

ASSIGNMENT OF ERROR NO. 1
Plaintiffs assert that the trial court acted improperly in suggesting to exceptors' counsel that he should file a plea of *574 prescription. While we agree with plaintiffs that a plea of prescription may not be supplied by the court, see L.S.A.-C.C. art. 3452, we find the record does not support their claim.
In the instant case, plaintiffs filed suit on May 28, 1981. Crane filed pleas of no cause and no right of action on July 10, 1981. Subsequently, plaintiffs filed an Amending and Supplementing Petition on August 13, 1982, to which Crane filed an exception of prescription on August 17, 1982. A hearing was had on all three exceptions on October 27, 1982. We find the record devoid of, and plaintiffs fail to cite, any factual substantiation whatsoever for their position. As such, we find the record does not support plaintiffs' assertion of error.

ASSIGNMENT OF ERROR NO. 2
Plaintiffs next assert that the trial court erred in excluding the purchase agreement from introduction into evidence. It is settled that a purchase agreement is a "contract to sell." L.S.A.-C.C. art. 2462; see also Litvinoff, Saul, Of The Promise Of Sale And Contract To Sell, 34 La.Law Review 1017 (1973-74). Further, while "contracts to sell" are enforceable between the parties, L.S.A.-C.C. art. 2462, only the recordation of a "contract to sell" makes it effective against third parties. L.S.A.-C.C. art. 2266.
In the instant case, the record reflects that the purchase agreement was never recorded. As such, it is unenforceable against Crane. We find the trial court was correct in sustaining the objection to the introduction of the agreement to purchase in that it had no effect as to Crane. Accordingly, plaintiffs' second assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Plaintiffs lastly assert that the trial court erred in granting the "exception." In brief, plaintiffs interpret this to include the exceptions of (1) no right of action, (2) no cause of action, and (3) prescription. To properly dispose of plaintiffs' assertions under this assignment of error, we must first set forth the basis of plaintiffs' claims. Plaintiffs have claimed a right of recovery in both contract and tort. The basis for their claim in contract is twofold: redhibition and implied warranty of fitness of the product. For ease of consideration, we shall address these assertions in order.

REDHIBITION
We find that the trial court properly dismissed plaintiffs' action in redhibition under the exception of no right of action based upon the following. In Holland v. Hurst, 385 So.2d 495 (La.App. 1st Cir.1980), the plaintiff-owner of a swimming pool attempted to assert an action in redhibition against the defendant-swimming pool contractor for certain defects in the quality of the swimming pool. Judge Ponder, speaking for the court, stated that:
"The installation of a swimming pool is a construction contract and not a sale. Therefore the principle of redhibition is not applicable in such cases. Catalina Pools v. Sellers, 322 So.2d 812 (La.App. 4th Cir.1975).
The court stated that the applicable law in this instance was L.S.A.-C.C. art. 2762.
Here, plaintiffs attempt to assert an action in redhibition against the installer of a swimming pool, Crane. We find no such action can be maintained by plaintiffs against Crane. See Holland, supra, and Catalina, supra. Accordingly, plaintiffs' assertion of a right of action against Crane is without merit.

IMPLIED WARRANTY OF FITNESS
We also find that the trial court properly dismissed plaintiffs' action in implied warranty.[1] Plaintiffs contend that L.S.A.-C.C. art. 2762[2] provides them with the implied *575 warranty of the swimming pool's fitness given by Crane to the Smiths. They appear to contend that the Smiths' implied warranty of the pool's fitness is extended to them by the language of L.S.A.-C.C. art. 2503.[3]
We agree with the plaintiffs that L.S.A.-C.C. art. 2762 provides an implied warranty of fitness to the owner of a thing constructed. As such, the Smiths received an implied warranty of fitness from Crane as to the pool. However, plaintiffs' argument fails when they attempt to assert that this implied warranty is extended to them.
Article 2503 falls in Book III, Of the Different Modes of Acquiring the Ownership of Things, Title VII, of Sale, of the Civil Code. This title deals with contracts of sale, obligations to give, as opposed to the circumstances in the instant case which deal with construction contracts, obligations to do. Article 2503 extends to vendees of immovable property, as additional type of legal subrogations to the rights and actions in warranty against all previous vendors. See L.S.A.-C.C. art. 2503, Law Review Commentaries. This has jurisprudentially been interpreted to mean that only previous vendors in the chain of title may be subject to an action in implied warranty under L.S. A.-C.C. art. 2503. LeBlanc v. Ellerbee Builders, Inc., 317 So.2d 1 (La.App. 1st Cir. 1975).
In the instant case, Crane was never in the chain of title to the pool. As such, plaintiffs' claim in implied warranty is without merit.

TORT
Plaintiffs contend finally that they have a cause of action based in tort. Without considering the merits of whether a cause of action lies in tort, we find that the trial court properly ruled plaintiffs' action had prescribed.
L.S.A.-C.C. art. 3536 provides that actions in tort are prescribed by one year. Further, this court must give great weight to the factual conclusions reached by the trier of fact. Canter v. Koehring Company, 283 So.2d 716 (La.1973), and may not substitute our evaluations and inferences for the reasonable evaluations and inferences of the trier of fact unless those conclusions are clearly erroneous. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980); and Esta v. Dover Corporation, 385 So.2d 439 (La. App. 1st Cir.), writ denied, 392 So.2d 690 (La.1980).
In the instant case, the trial court found as a matter of fact that the plaintiffs had full knowledge of the defects in construction of the pool more than one year prior to the filing of suit. The record shows that they knew in February, 1980, that the vinyl lining of the pool had started to rip. Further, Mr. Aizpurua testified that in April of 1980, cracks in the pool had become apparent.
Suit not having been filed until May 28, 1981, we find that the trial court was correct in finding that plaintiffs had knowledge of the defects more than one year prior to the filing of suit. As such, the trial court correctly sustained the exception of prescription.
For the above and foregoing reasons, judgment of the trial court is affirmed. Plaintiffs are to pay all costs.
AFFIRMED.
COLE, J., concurs in result.
NOTES
[1] While the trial court dismissed claim of implied warranty under an exception of no cause of action, we find it is more properly dismissed under an exception of no right of action.
[2] L.S.A.-C.C. art. 2762 states that:

"If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks."
[3] L.S.A.-C.C. art. 2503 provides that:

"The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty.
"But whether warranty be excluded or not the buyer shall become subrogated to the seller's rights and actions in warranty against all others."
Without specifically mentioning this article in their brief, it appears that plaintiffs are asserting that it extends Smiths' implied warranty against Crane to them.