SAVOIE, Judge.
Plaintiffs, Katrina and Stephen Novak, filed a rule to show cause why their mother should not be required to furnish security for a testamentary usufruct granted her. The trial court denied such request. From that judgment, plaintiffs appeal.
On July 27, 1979, Arthur Francis Novak died leaving an olographic will dated August 30, 1978. Therein, he granted to his wife, Mary Frances Novak, the disposable *55 portion of his estate with seizin and without bond. He further granted her the usu-fruct of his estate until she died or remarried. Plaintiffs filed a rule to require Mrs. Novak to furnish security for the property held by her in usufruct.
The trial court found the testament’s usufructuary provision to be merely a confirmation of the legal usufruct granted by law. Citing Succession of Chauvin, 260 La. 828, 257 So.2d 422 (1972), the trial court held that this confirmation of a legal usu-fruct did not deny the usufructuary the rights granted under a legal usufruct. See L.S.A.-C.C. art. 573.[1] Accordingly, it denied the requirement of security.
Plaintiffs assign as error the trial court’s not requiring Mrs. Novak to provide security and in applying Act 678 of 1979 (L.S.A.C.C. art. 916) retroactively. In brief, these assignments of error were combined. Accordingly, we shall treat them as one assignment of error.
Plaintiffs assert that the applicable law in the instant matter is L.S.A.-C.C. art. 916 as existing prior to Act 678 of 1979. It provided:
“In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold in usu-fruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage unless the usufruct has been confirmed for life or any other designated period to the survivor by the last will and testament of the predeceased husband or wife, and the rights of forced heirs to the legitime shall be subject to any such usu-fruct, which usufruct shall not be an impingement upon the legitime.”
They further cite Maguire v. Maguire, 110 La. 279, 34 So. 443 (1903), as requiring a testamentary usufructuary to give security unless dispensed with by the will where children of the marriage inherited under its provisions.
We find no fault with plaintiffs’ interpretation of the law. However, we find that plaintiffs have misinterpreted the trial court’s written reason for judgment. The trial court, after noting Louisiana Civil Code Art. 573, stated:
“In the present case the usufruct of the surviving spouse was conferred on her by an holographic [sic] will dated August 30, 1978. The decedent died on July 27, 1979. In this will, the testator granted his spouse a usufruct until her remarriage. Such a usufruct is clearly permissible under Civil Code Artilce [sic] 916. The testator merely .verified his intent that his wife share in the legal usufruct. The cases hold that the mere confirmation of the legal usufruct does not deny the usufructuary of his rights under the legal usufruct. See Succession of Chanvin [sic], 260 La. 828, 257 So.2d 422.”
It is clear from the aforementioned passage that the trial court, after reviewing and evaluating the testament in toto, concluded that the decedent intended to merely confirm a L.S.A.-C.C. art. 916 legal usu-fruct. We agree that the testament’s tenor was to provide Mary Frances Novak with the maximum benefits permissible by law. We find no error in the trial court’s evaluations and inferences in reaching this conclusion and, as such, this conclusion should not be disturbed. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980). Having concluded that the testament herein confirms a L.S.A.-C.C. art. 916 legal usufruct, we hold that the trial court was correct in exempting Mrs. Novak from providing security. See L.S.A.-C.C. art. 573.[2]
*56 For the above and foregoing reasons, judgment of the trial court is affirmed. Costs are to be paid by the plaintiffs, Katrina and Stephen Novak.
AFFIRMED.
COVINGTON, J., concurs.

. "Security may be dispensed with by the grant- or of the usufruct or by operation of law. Legal usufructuaries, and sellers or donors of property under reservation of usufruct, are not required to give security." (Emphasis added).

. Id.