HALL, Chief Judge.
Defendant, Beulah Harrison, daughter of the deceased co-legatee, appeals from the judgment of the trial court finding that the legacy in the decedent’s testament was conjoint and that therefore plaintiff, Marie Austin, the other named co-legatee, was the sole legatee of the decedent testator. For the following reasons, the judgment of the trial court is reversed in part and this matter is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.
The sole issue before this court on appeal is whether the legacy in the decedent’s testament was conjoint so that accretion would take place in favor of the surviving co-legatee. "
The decedent, Susie Baldwin, executed a statutory testament before two witnesses and a notary on January 4, 1958. The testament contained the following legacy:
Firstly, I will and bequeath to my beloved nieces, Ruth Austin and Marie Austin, all of the property, real and personal and rights and credits, that I own and die possessed of at the time of my death, to share and share alike in equal proportions. (emphasis added)
The testament also contained an undated, handwritten codicil bequeathing a share of the succession property to the decedent’s niece, Bessie Dean.[1]
The co-legatee, Ruth Austin, died on October 8, 1966. It appears from the record that the defendant, Beulah Harrison, was *98 the only child of the deceased co-legatee. The testator died on June 1, 1974. The instant action was commenced on July 27, 1984 when Marie Austin filed a petition to probate the decedent’s testament. In the petition, Austin alleged that the only property in the succession consisted of a house and lot. Austin further alleged that as the property was insusceptible of division and because Ruth Austin predeceased the testator, she was entitled to all of the property of the succession. Plaintiff prayed for a judgment ordering the will to be probated, declaring the codicil to be invalid, and declaring the plaintiff to be the sole legatee of the decedent.
The trial court held that pursuant to LSA-C.C. Art. 1697, the decedent’s only legatee at the time of her death was the plaintiff and that the defendant had no rights in the succession.
LSA-C.C. Art. 1697 provides as follows:
The testamentary disposition becomes without effect, if the person instituted or the legatee does not survive the testator.
With reference to conjoint legacies, the Civil Code provides the following:
Art. 1706. The right of accretion relative to testamentary dispositions, shall no longer subsist, except in the cases provided for in the two following articles.
Art. 1707. Accretion shall take place for the benefit of the legatees, in case of the legacy being made to several conjointly.
The legacy shall be reputed to be made conjointly when it is made by one and the same disposition without the testator’s having assigned the part of such co-legatee in the thing bequeathed.
Art. 1708. It shall also be reputed to be made conjointly when a thing, not susceptible of being divided without deterioration, has been given by the same act to several persons, even separately.
A review of the jurisprudence interpreting the articles on conjoint legacies reveals that the phrase “share and share alike” has been held not to create a conjoint legacy but rather is distributive as it connotes an assignment of parts. Succession of Lambert, 210 La. 636, 28 So.2d 1 (1946); Hopson v. Ratliff, 426 So.2d 1377 (La.App. 3d Cir.1983); Succession of Hirsch, 364 So.2d 1071 (La.App. 4th Cir.1978), and Succession of Higgins, 275 So.2d 447 (La.App. 4th Cir.1973). See also Succession of McCarron, 247 La. 419, 172 So.2d 63 (1965) and Succession of Glaze, 203 So.2d 842 (La. App. 4th Cir.1967), writ refused, 251 La. 744, 206 So.2d 93 (1968).
In the instant case, the testament bequeathed all of the succession property to the two nieces to “share and share alike in equal proportions.” This language evidences the intent of the testator to assign equal portions or halves of the estate toi^— each of the two nieces. Although LSA-C.C. Art. 1708 provides that the legacy shall be reputed to be conjoint when the thing given is not susceptible of division without deterioration, the testament in the instant case was not worded in terms of a bequest of a designated thing but rather bequeathed the entirety of the decedent’s property at the time of her death. Obviously, at the time that the will was executed, the decedent did not know what her estate would consist of at the time of her death. Thus, by drafting the legacy in these terms, the testator evidenced an intent to divide her property equally between these two nieces regardless of whether the property was susceptible of division. In other words, the decedent’s intent was to divide all of her property equally and the fact that the property ultimately consisted only of a house and lot does not alter the nature of the legacy. LSA-C.C. Art. 1708 applies to a specific legacy of a designated thing and is not applicable when the entirety of the decedent’s estate has been disposed of by legacies under universal title. As there was an assignment of parts, the legacy was not conjoint as defined in LSA-C.C. Arts. 1707 and 1708 but rather was distributive.
*99 LSA-C.C. Art. 1707 provides that accretion shall take place in favor of the surviving legatee if the legacy is made conjointly. Because the legacy to the nieces was not conjoint, then the bequest to the deceased legatee lapsed as she did not survive the testator in accordance with LSA-C.C. Art. 1697.
The only remaining question is the proper distribution of the lapsed legacy. LSA C.C. Art. 1709 provides:
Except in the cases prescribed in the two preceding articles, every portion of the succession remaining undisposed of, either because the testator has not bequeathed it, either to a legatee or to an instituted heir, or because the heir'or the legatee has not been able, or has not been willing to accept it, shall devolve upon the legitimate heirs.
In the instant case, since the legacy lapsed and the testament made no provisions for an alternate or residual legatee, one half of the succession assets falls into the residuum of the testatrix’s estate and should be distributed among the legal heirs according to the laws of intestacy. See Succession of McCarron, supra; Matter of Moore, 353 So.2d 353 (La.App. 1st Cir.1977), writ denied, 354 So.2d 1382 (La.1978), and Succession of Higgins, supra.
The record before us does not reflect the number, identity, or interest of the decedent’s legal heirs. Thus, we are not in a position to rule on the proper distribution of the lapsed legacy. For this reason, this matter should be and is hereby remanded to the trial court for further proceedings consistent with the views expressed herein.
For these reasons, the judgment of the trial court against defendant, Beulah Harrison, is reversed insofar as it found plaintiff, Marie Austin, to be the sole legatee of the testator and the cause is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the plaintiff.
REVERSED AND REMANDED.

. The codicil was found to be invalid by the trial court. The record reflects that Bessie Dean also predeceased the testator and was survived by one child, Lloyd Purvis. Purvis was an absentee and an attorney was appointed to represent him in these proceedings. By finding the codicil to be invalid, the trial court necessarily concluded that Lloyd Purvis had no rights as legatee in the decedent's succession. This portion of the judgment has not been appealed.