384 So.2d 576 (1980)
Susan L. BROOKS
v.
Henry L. ROUSSEL, White Fleet Cab Company, Interstate Transportation Corporation, Insurance Company of Florida, New Orleans Public Service Inc. and Henry Williams.
No. 11043.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1980.
*577 Bruce J. Borrello, Metairie, for plaintiffappellee.
Floyd F. Greene, New Orleans, for New Orleans Public Service Inc., defendant-appellant.
Before GULOTTA, SCHOTT and CHEHARDY, JJ.
CHEHARDY, Judge.
Plaintiff, Susan L. Brooks, filed suit against Henry L. Roussel; White Fleet Cab Company and its insurers; New Orleans Public Service Inc. (NOPSI); and Henry Williams for damages to her vehicle and personal injuries she received as the result of an automobile accident.
Prior to trial, plaintiff settled her suit with Henry L. Roussel, the taxicab company and their insurers, but reserved her right to proceed against NOPSI and Henry Williams. After a trial on the merits, judgment was rendered in favor of plaintiff in the amount of $12,500 plus costs. The trial court valued Miss Brooks' damages at $25,000, but only awarded her one-half of this amount inasmuch as she had settled with a joint tort-feasor. Although the plaintiff's lawsuit against Henry Williams individually was dismissed, defendants Williams and NOPSI appeal.
On October 9, 1977 at approximately 10 p. m., Miss Brooks was driving her 1970 Volkswagen automobile down St. Charles Avenue toward Canal Street. A taxicab driven by defendant Roussel came from her left crossing St. Charles Avenue at Valence Street, and the two vehicles collided.
After the initial impact, both plaintiff's and Roussel's vehicles spun around and came to rest diagonally to the streetcar tracks, either partially on or near the neutral ground on St. Charles Avenue, at a place past the Valence Street intersection toward Canal Street. While the parties were still inside their vehicles, the cab again accelerated and there was a second collision involving the plaintiff's car, the cab and a passing streetcar.
The defendants argue that the initial determination of whether a defendant's conduct was a cause-in-fact of the accident is a but-for inquiry and cites State Farm, Etc. v. South Cent. Bell Tel., 359 So.2d 1318 (La.App. 4th Cir. 1978). The defense further contends that it must then be determined what duty was imposed and whether the risk created by a breach of that duty was one for which the rule of law was intended to afford protection; and it must then be decided whether defendant breached that duty, citing Pierre v. Allstate Insurance Company, 242 So.2d 821 (La.1970). Defendants conclude that the first accident *578 was the major force of damage, that the second accident could not have been a proximate cause of the plaintiff's injuries and that, even if the motorman was negligent in passing the wrecked cars without first stopping, his negligence could not have contributed to the second accident, which was caused solely by the sudden acceleration of the cab.
Plaintiff, however, argues that although the driver of a public carrier for hire is held to the highest degree of care only in the duty owed to its passengers, it at least owes an ordinary duty of care to other drivers. Plaintiff further contends that a driver who observes an accident happen within yards of his path has a duty to reduce his speed, get his vehicles under control, and ascertain that his path is clear before attempting to proceed past the accident site, citing Hilburn v. Johnson, 240 So.2d 767 (La.App. 2d Cir. 1970).
The motorman testified he had no instructions to stop for an accident in which he was not involved, so he simply slowed the streetcar from a speed of approximately ten miles an hour to approximately five miles an hour after he saw the accident between the cab and the plaintiff's car, which happened two-or two-and-one-half streetcar lengths in front of him. He testified that as he was passing the wrecked cars, the cab suddenly accelerated again and ran into the side of the streetcar; however, he stated that at no time did he hit the plaintiff's Volkswagen nor did that vehicle hit the streetcar.
The motorman's testimony on this point, however, was directly contradicted by the cab driver and the plaintiff. The cab driver testified that he crossed St. Charles Avenue at Valence Street and that there was a collision between his cab and the plaintiff's vehicle. After the impact, both cars came to rest on the neutral ground, five or six feet from the streetcar tracks. He further testified that he and the plaintiff were still inside their vehicles when the cab suddenly reaccelerated and pushed the plaintiff's car into the side of the moving streetcar, this occurring not more than two or three minutes after the vehicles had come to a rest upon the neutral ground.
Plaintiff's testimony on this point corroborated that of the cab driver, although she estimated the time between the two accidents as "just a few seconds." She also said that when the cab suddenly reaccelerated she looked up and watched as she was "squished" between the cab and the moving streetcar.
Although the investigative officer who came to the scene of the accident was not available as a witness at the trial, his report, admitted by joint stipulation of the parties, confirmed the account of the accident given by the cab driver and the plaintiff.
The defense provided two other witnesses; however, one was a passenger in the streetcar who did not actually see the second accident and the other was a neighborhood resident who observed the second impact from a distance of approximately 80 feet away. Both descriptions of the accident were fraught with contradictions and inconsistencies concerning whether or not the streetcar was moving at the time of the second accident, the positions of the vehicles, and other factors.
We feel, therefore, that the trial court judge was correct in concluding that the plaintiff and the cab driver had given the correct account of what happened and in further concluding that there was an absence of any negligence on the part of the plaintiff. Furthermore, where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility furnishes a reasonable factual basis for the trial court's finding, the appellate court should not disturb that finding in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We also find, as did the trial court judge, that the passing streetcar was a cause-in-fact of the second accident; the motorman was negligent in attempting to pass the other two cars before the first accident had fully stabilized; and the motorman's negligence was a proximate cause of the second accident.
*579 We further agree with the trial court judge that although the cab driver alone was negligent in causing the first accident, the second accident was caused by the joint negligence of both the streetcar and the taxicab. Since there is no way of ascertaining which of the plaintiff's injuries was sustained in each of the accidents, the trial court judge was correct in concluding that both the cab driver and the streetcar operator were negligent joint tort-feasors. Hilburn v. Johnson, supra.
In regard to the quantum of damages awarded to the plaintiff, it was testified to by an attending physician that she suffered multiple lacerations of her face and forehead; a rupture of her lung due to rib fractures, which necessitated the insertion of a chest tube; and a cerebral concussion. Her injuries also required physiotherapy and a one-week hospital stay. Since the accident Miss Brooks has also had headaches and neck paid related to cervical strain, which she testified still continued intermittently at the time of trial, necessitating that she take pain medication. She also has some remaining perceptible scarring to her face.
The plaintiff's hospital bill was in excess of $1,500, and the physicians' charges were $165 and $374. The total of the repair estimate to the plaintiff's car was $1,520.68, with the pre-loss value estimated at $1,000, placing the vehicle beyond economic repair.
In view of the above damages, therefore, we do not consider the trial court's award of $25,000 as excessive compensation for her injuries. Since plaintiff had settled with one of the joint tort-feasors prior to trial, the judgment of $12,500 rendered against New Orleans Public Service Inc. will not be disturbed by this court.
Accordingly, the trial court's judgment is affirmed in all respects.
AFFIRMED.