LEAR, Judge.
This is a suit to recover the costs of materials and enforce a materialman’s privilege. Plaintiff, Bobby V. Reach, d/b/a Cool Pool Supplies & Services (Reach) sold certain swimming pool materials to defendant, Tom’s Champion Swimming Pools, Inc., which were ultimately used in the construction of a swimming pool on property owned by defendants, Vincent and Audrey Ma-tranga (Matranga).
After a trial on the merits, judgment was rendered in favor of plaintiff and against all three defendants, which judgment awarded plaintiff the costs of the materials sold to defendants, recognized the lien and privilege on the Matranga property and other incidental relief. From this judgment the Matrangas have appealed.
In their assignment of error, appellants contend that plaintiff failed to prove delivery and incorporation of the materials into the construction, as is provided for by LSA-R.S. 9:4812.
*381 With regard to the construction of the pool, the parties stipulated that there was no recorded contract nor was any bond required or filed. Under these circumstances, sellers of movables sold to the contractor or sub-contractor that become component parts of the immovable have a claim against the owner and the contractor to secure payment for the movables sold and, further, the claim against the owner is secured by a privilege on the immovable on which the work is performed. LSA-R.S. 9:4802; 4811; 4812.
It is well settled that when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir. 1980); Brooks v. Roussel, 384 So.2d 576 (La.App. 4th Cir. 1980).
In this instant case, the trial court’s findings of fact included the following:
“In late June, 1978, a kit was picked up by the defendant builder from the plaintiff’s business establishment in Baton Rouge and hauled by a U-Haul trailer to the job site on Mr. Matranga’s property in Slidell, where it was used in the construction of the Matranga swimming pool, on or about July 21,1978, additional supplies were picked up at the plaintiff’s business establishment by Mrs. Fedrow-isch and that date delivered to the job site at the Matranga residence in Slidell. These parts were ultimately used in the construction of the Matranga pool.”
These factual findings were clearly supported by the testimony and documentary evidence introduced at trial. Plaintiff testified that he sold the materials to the defendant contractor, through its representative, Mr. Fedrowisch, who was a principal in the defendant contractor’s firm. Mr. Fed-rowisch stated that he did receive the materials at issue and immediately transported them to the Matranga job site in Slidell. He further stated that these materials were then incorporated into the construction of the swimming pool on the Matranga property. Mr. Matranga testified that, although he did not know where these supplies came from, they in fact were incorporated into the pool which was constructed on his property.
The judgment of the trial court is clearly supported by the evidence and we find no error in the trial court’s factual findings.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. The costs of appeal are to be paid by appellants-defendants, Vincent Matranga and Audrey Matranga.
AFFIRMED.