**Kenneth E. FORD, et al.**

v.

**MURPHY OIL U.S.A., INC., et al.**

**Civ. A. No. 90–2310.**

United States District Court,
E.D. Louisiana.

Oct. 23, 1990.

---

**8.** *Memorandum in Support* at p. 7. *Emphasis added.*

**9.** 736 F.2d at 1081, n. 2.

Manuel A. Fernandez, Gilbert V. Andry, III, New Orleans, La., Sidney Donecio Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, La., for plaintiffs.

Sam A. Leblanc, III, Robert Emmette Couhig, Jr., Mark S. Embree, Adams & Reese, Walter C. Thompson, Jr., Thomas E. Schwab, Mark Powell Seyler, Sessions & Fishman, New Orleans, La., John Charles Reynolds, Michael J. Furman, William R. Forrester, Jr., George A. Frilot, III. Roger A. Stetter, Patrick J. McShane, Lemle & Kelleher, New Orleans, La., James E. Baine, Murphy Oil USA, Inc., El Dorado, Ark., for defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court are the plaintiffs' motion to remand and defendant Chemcat Corporation's motion to sever. For the reasons which follow, the motion to sever is DENIED, plaintiffs' motion to remand is GRANTED. However, plaintiffs' request for an award of attorneys' fees and costs is DENIED.

### I

This case arises from an alleged series of emissions of toxic pollutants from the St. Bernard parish plants of Mobil Oil Corporation, Murphy Oil, U.S.A., Inc., Chemcat Corporation, and Calciner Industries. The plaintiffs filed a class action in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard. In their petition for damages, the plaintiffs allege that they all live in close proximity to the four corporate defendants' plants in St. Bernard Parish and that the various emissions from the plants combined to cause them certain property or personal injury damages. The plaintiffs assert that the defendants are jointly and severally liable for the injuries caused by the pollutants.

The plaintiffs also sued certain employees of the four corporate defendants. The original and first amending petitions filed before Mobil and Murphy filed the notice of removal in this Court, do not state facts specific to each of the employee defendants to establish the personal duty owed by the employee defendants or how each employee defendant breached that duty. Instead, the original petition[1] contains only allegations of generalized breaches of duties owed to the plaintiffs by unspecified defendants.

Shortly after the plaintiffs filed this suit in state court, Mobil and Murphy filed their notice of removal, claiming that removal jurisdiction was proper because the nondiverse employee defendants were fraudulently joined to destroy removal jurisdiction and because the claims against Mobil and Murphy, the diverse corporate defendants, were separate and independent. In opposition to the plaintiffs' motion to remand the case to state court, the defendants add several arguments. Defendants now assert that (1) the claims for punitive damages are separate and independent as to each defendant, and removal of part or all of the case is therefore proper under 28 U.S.C. § 1441(c); (2) that the claim set forth in the petition is federal in character and thus removable on the basis of federal question jurisdiction; (3) that each of the

---

1. Because the second amending petition was filed after defendants' notice of removal, the allegations it contains are irrelevant to this Court's removal jurisdiction and will not be considered here. *In Re Carter*, 618 F.2d 1093, 1101 (5 Cir.1990) ("whether subject matter jurisdiction exists is a question answered by looking to the complaint at the time the petition for removal was filed").

multiple plaintiffs' claims against the defendants are separate and independent of each other; and (4) because the plaintiffs cannot establish a class action against the nondiverse defendants due to the lack of numerous similarly situated people and because the nondiverse defendants were wrongfully joined, removal on the basis of diversity jurisdiction is proper.

Chemcat also alleges misjoinder as the basis for its motion to sever the claims plaintiffs assert against it. Chemcat insists that a severance is necessary because failure to sever will work substantial prejudice against Chemcat.

## II

The Court must, pursuant to 28 U.S.C. § 1447(c), remand to state court any case it finds was removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c). The burden of establishing the Court's jurisdiction falls to the party seeking to invoke it. *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5 Cir.1982); *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253 (5 Cir.1961). Therefore, because the defendants are seeking to invoke removal jurisdiction here, they bear the burden of establishing that the Court may properly exercise jurisdiction over this suit. *Id.*

### A. *Fraudulent Joinder*

■ Obviously, the burden of proving that a plaintiff fraudulently joined nondiverse defendants is heavy. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5 Cir.1983) *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984). The removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the nondiverse defendants under state law, or, an outright fraud in plaintiff's pleading of the facts. *Id.* The analysis is a limited one: district courts are confined, in their examination of a claim alleged to be fraudulently asserted to destroy diversity, to the allegations of the plaintiff's petition, *Id.*, and must evaluate all of the factual allegations in the light most favorable to the plaintiff. *B., Inc. v. Miller Brewing Co.*,

663 F.2d 545, 549 (5 Cir.1981). If the facts alleged in the petition support "no arguably reasonable basis for predicting that state law might impose liability on the resident defendants" then the court must deem the claim fraudulent and the lack of complete diversity will not prevent removal. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5 Cir.1979); *See also Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5 Cir.1989). In this case, the petition does not set forth any specific facts as to the employee defendants that can arguably support the imposition of liability against the employee defendants under state law. Therefore, the Court could consider the joinder of the employee defendants to be inappropriate, at least superficially on the papers. *McMorris v. Stafford*, 655 F.Supp. 671, 673 (M.D. La.1987).

■ But even if the citizenship of the employee defendants is disregarded, diversity does not exist to support removal jurisdiction over this suit. Defendants have not met their burden to establish that the resident corporate defendants, Chemcat and Calciner, were fraudulently joined. The facts alleged in the petition, viewed in the light most favorable to the plaintiffs, adequately support plaintiffs' theories of the resident corporate defendants' liability under Louisiana law. *See* La.Civ.Code Art. 667 (West 1990); La.Civ.Code Art. Ann. 2315 (West 1990); *Doucet v. Texas Co.*, 205 La. 312, 17 So.2d 340 (La.1944) (in suit for negligent pollution of Lake Louisiana Supreme Court affirmed lower court's denial of defendant's exception of no cause of action but reversed its decision on the merits, entering a judgment for plaintiff); *Acadian Heritage Realty v. City of Lafayette*, 446 So.2d 375; *writ denied*, 447 So.2d 1076 (1984) (La.App. 3 Cir.1984) (plaintiff prevailed in suit against landfill owners for abatement of nuisance and damages for negligent operation of landfill).

### B. *Separate and Independent Claims*

■ Defendants' contention that this

Court has § 1441(c)[2] removal jurisdiction on the basis of diversity, because plaintiffs' claims against the diverse corporate defendants are separate and independent of the claims against the resident corporate defendants, must also fail. Here, as with claims of fraudulent joinder, the removing parties bear the burden of establishing their right to a federal forum; all doubts about the propriety of removal must be resolved in favor of remand. *Hinks v. Associated Press*, 704 F.Supp. 638, 639 (S.D.S.C.1988). In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court announced the well-known test for determining whether a claim or cause of action is separate and independent within the meaning of § 1441(c). According to *Finn*, no separate and independent cause of action exists if the plaintiff seeks relief from "a single wrong," advancing alternative claims against a number of defendants arising from an "interlocked series of transactions." *Finn*, 341 U.S. at 14, 71 S.Ct. at 540. Thus, to meet their burden, defendants must show that the pollution emanating from the four plants did not create "a single wrong" to the plaintiffs, or that the emissions did not constitute "a series of interlocked transactions." Defendants have failed to meet this burden. Indeed, the nature of these events makes it impossible to do so.

Viewed in the most favorable light, the factual allegations in the petition support plaintiffs' claim that the single wrong was the invasion of the plaintiffs' right to be free from harmful pollutants, and that because this wrong arose from the concurrent and combined effects of the defendants emissions, the emissions were a series of interlocked occurrences under the *Finn* test.

In concluding that this suit is not removable under § 1441(c), the Court finds particularly persuasive the reasoning of the New Jersey district court in *Montrey v. Peter J. Schweitzer, Inc.*, 105 F.Supp. 708 (D.N.J. 1952), a factually parallel case. *Id.* The plaintiffs were all residents of the same village in New Jersey. *Id.* at 710. They alleged, in a 118 count complaint, that the four plants in the vicinity released pollutants into the river and that the combined pollution caused various damages to the plaintiffs and their property. *Id.* The court concluded that the suit was not removable because the defendants did not meet their burden to show that the complaint set forth separate and independent claims. *Id.* at 715. The district court in *Montrey* instead held that the complaint adequately supported the plaintiffs' contention that the defendants' independent releases of pollutants into the river constituted a series of interlocked transactions and created a single wrong—pollution of the river. *Id.* at 715.

As ably illustrated by *Montrey*, and contrary to defendants' assertions, an action brought by multiple plaintiffs against multiple defendants is not necessarily removable. A corollary of the *Finn* rule is that separate and independent causes of action are not necessarily created when a number of plaintiffs join their claims against a group of defendants to redress a common wrong.[3] 14A C. Wright,

---

**2.** Section 1441(c) provides:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise falling within its original discretion.

28 U.S.C. § 1441(c) (West 1990).

**3.** Even if the defendants' arguments that the plaintiffs may not sue as a class and that their claims are separable are correct, each plaintiff could individually state a facially valid cause of action against the four corporate defendants. Because there would not be complete diversity between each plaintiff and the corporate defendants, the claims would not be removable even if they were "sued upon alone." 28 U.S.C. § 1441(c). Therefore, even working from the assumption that the plaintiffs' claims as to the defendants are separable, this suit would not be removable.

Moreover, the fact that each plaintiff's claims are separate and independent as to those of the other plaintiffs would not prevent joinder of all of the claims in one suit. Fed.R.Civ.P. 20(a). Because all of the plaintiffs' claims against the four corporate defendants involve common

A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3724, at 368–69 (2d ed. 1985).

 Moreover, a suit, such as this one, in which plaintiff alleges joint and several liability is usually not removable under § 1441(c) because the assertion of joint liability eliminates separability. *Pullman Co. v. Jenkins*, 305 U.S. 534, at 538, 59 S.Ct. 347, at 349, 83 L.Ed. 334 (1939); *Montrey*, 105 F.Supp. at 712. Such a suit becomes removable only if the removing party establishes that the assertion of joint liability is made in bad faith. The defendants have made no such showing here.

 To the contrary, the allegation of joint liability is facially valid. Among other things, the plaintiffs allege that the defendants are joint tortfeasors. The fundamental theoretical basis for joint tortfeasor status contemplates independent acts which unite to cause a single injury. Under Louisiana law, joint and several liability may be imposed on "persons whose separate wrongful actions, not done in concert, contribute in unknown proportions to cause ... indivisible injury". *Thompson v. Johns–Manville Sales Corp.*, 714 F.2d 581 (5 Cir.1983) (citing *Hillburn v. Johnson*, 240 So.2d 767 (La.App. 2 Cir.1970)); *see also Brooks v. Roussel*, 384 So.2d 576 (La. App. 4 Cir.1980). Louisiana law recognizes plaintiff's theory of the wrong. Thus, the allegations in the petition that the separate emissions from the four corporate defendants' plants combined to cause injury to the plaintiffs, compels the Court to conclude that the plaintiffs' causes of action against these defendants for what the defendants characterize as the "separate acts" or "separate wrongs" of the defendants are not functionally or conceptually separate and independent. *Pullman*, 305 U.S. at 538, 59 S.Ct. at 349. Finally, the defendants' argument that the punitive damages claim is separate and independent as to each defendant and supports removal under § 1441(c) is clearly without merit. A

claim for punitive damages is patently dependent on one's claims for actual damages. *Frontier Enterprises, Inc. v. ICA Corp.*, 319 F.Supp. 1156, 1160 (D.Minn. 1970); *Willoughby v. Sinclair Oil & Gas Co.*, 89 F.Supp. 994, 996 (D.C.Okla.1950).

## C. *Federal Question Jurisdiction*

 If, as here, no diversity exists between the parties, the cause of action forming the basis of the suit must anchor in federal law for removal jurisdiction to properly vest in this Court. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). In order to "arise under" federal law for jurisdictional purposes, either federal law must create the cause of action asserted in the complaint or the plaintiff's ability to recover under the state law cause of action must turn on a construction of federal law. *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199, 41 S.Ct. 243, 244, 65 L.Ed. 577 (1921). The "well pleaded complaint" rule further limits a defendant's ability to remove a suit to federal court. The fact of plaintiff's papers becomes yet again central to the Court's inquiry. Under the rule, whether a cause of action arises under federal law must be determined by the plaintiff's statement of his own claim unaided by anything alleged in anticipation of a defense or by anything alleged in the answer or removal petition as a defense to the allegations made in the complaint. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983).

 Thus, a defense rooted in federal law, even the defense of preemption, cannot confer federal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157 (5 Cir.1989); *see also Pogo Producing Co. v. Southern Natural Gas Co.*, 599

---

questions of fact or law and all arise out of the same series of occurrences—the emissions—joinder is proper under Rule 20. *Id.* Logic compels the conclusion that, under the *Finn* test, claims involving common questions and

arising out of the same series of occurrences are very likely not separate and independent. 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 3724, at 368,–69 (2d ed. 1985).

F.Supp. 720, 721 (W.D.La.1984); and *Sec. Ins. Co. v. Nat. Airlines, Inc.*, 413 F.Supp. 493 (E.D.La.1976). One exception does exist: when the preemptive force of the federal law in question "is so 'extraordinary' that it converts" the state law claim in the petition "into a federal claim for the purposes of the well-pleaded complaint rule" federal jurisdiction may well exist. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. The Fifth Circuit instructs that this exception applies only when Congress has clearly manifested its "intent to make a preempted state claim removable to federal court." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1166 (5 Cir.1988).

 In gauging the intent of Congress to make a state claim removable under this exception, the Fifth Circuit looks for a specific jurisdictional grant similar to those found in ERISA or the labor statutes. *Aaron*, 876 F.2d at 1164. The Fifth Circuit also asks whether the applicable federal law contains a mechanism for civil enforcement, if one at all, that provides a cause of action or a remedy like those pursued by the plaintiffs in this case. *Id.* If these clues or signals of congressional intent to preempt state law claims are not present, removal is not warranted by the exception. *Id.* at 1165, 1166.

 In the present case, defendants claim that the Clean Air Act and the Clean Water Act so forcefully preempt the state law claims that removal jurisdiction is present as an exception to the well-pleaded complaint rule. The Court seriously doubts the correctness of defendants' argument. *See International Paper Co. v. Ouellete*, 479 U.S. 481, 107 S.Ct. 805, at 815–16, 93 L.Ed.2d 883 (1987) (Clean Water Act did not preempt common law claims of nuisance asserted by Vermont land owners because state law remedy did not interfere with methods by which federal statute was designed to reach its goal). However, even assuming that these claims are preempted, neither Act contains any special jurisdictional grant like ERISA or the labor statutes, or provides causes of action or remedies like those sought by the plaintiffs here. 33 U.S.C. § 1251 et seq. (Clean Wa-

ter Act) and 42 U.S.C. § 1857 et seq. (Clean Air Act). Therefore, preemption by these statutes could not be considered "extraordinary," would at best be defensive to the state law claims, and would not create removal jurisdiction. *Aaron*, 876 F.2d 1165–1166.

### D. *Request for Attorneys Fees and Costs*

 The Court denies plaintiffs' request for an award of attorney's fees and costs. Although the suit was clearly not removable as one presenting a federal question, defendants had substantial reason to assert removal under § 1441(c). An award of attorneys' fees and costs would therefore be inappropriate.

### III

Chemcat's motion to sever the claims asserted against it must fail. Plaintiffs' claims against the four corporate defendants involve common questions of fact or law and all arise out of the same series of occurrences—the emissions. Thus, joinder is proper under Rule 20(a). Fed.R.Civ.P. 20(a) (West 1990). *See Texas Employers Ass'n v. Felt*, 150 F.2d 227 (5 Cir.1945).

For the reasons set forth above, Chemcat's motion to sever and plaintiffs' request for attorneys' fees and costs are DENIED and plaintiffs' motion to remand is GRANTED. Accordingly, IT IS ORDERED that this case be remanded to the Thirty–Fourth Judicial District Court for the Parish of St. Bernard.