Solon SCOTT, Jr., Scott Petroleum Corporation, Scott Fisheries, Inc., and America's Catch, Inc., plaintiffs,

v.

CHEVRON U.S.A., INC., the Edge Companies, Inc., Delta Storage and Distribution Company, and John Doe(s) 1–10, defendants.

Civ. A. No. 4:92–CV–117–D–O.

United States District Court,
N.D. Mississippi,
Greenville Division.

June 2, 1993.

John C. Henegan, George R. Thomas, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for plaintiffs.

Jerome C. Hafter, Lake, Tindall, Hunger & Thackston, Greenville, MS, Hurlie H. Collier, James C. Winton, Baker & Hostetler, Keith E. Parks, Chevron, U.S.A., Inc., Houston, TX, for defendant Chevron, U.S.A., Inc.

David B. Arnold, Arnold & McDowell, Minneapolis, MN, R. Webster Heidelberg, III, Hattiesburg, MS, for defendants Edge Companies, Inc., and Delta Storage and Distribution.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Plaintiffs, who are all citizens of Mississippi, sought declaratory judgment relief from the Chancery Court of Leflore County, Mississippi on or about April 30, 1992. One of the named defendants—Delta Storage and Distribution—is a citizen of Mississippi. The similarity in citizenship between this defendant and the plaintiffs appears on the surface to deprive this federal district court of subject matter jurisdiction. 28 U.S.C. § 1332. However, it is the contention of the defendants that the purpose behind including a non-diverse defendant in the declaratory judgment action was defeating or circumventing federal diversity jurisdiction. On that premise, they timely removed the matter pursuant to 28 U.S.C. § 1441. In determining whether removal was proper, the court considers the issue of whether the Mississippi defendant was fraudulently joined to avoid federal court jurisdiction. The undersigned is of the opinion that it was not. Consequently, plaintiffs' motion to remand is granted. The matter is returned to its place of origination: Leflore County Chancery Court.

### A. Plaintiffs' Motion to Remand

Diversity Jurisdiction was the sole basis for defendants' removal of plaintiffs' declaratory judgment complaint from state to federal court. Plaintiffs have responded with a motion to remand the case for lack of complete diversity of citizenship between plaintiffs and all named defendants. Before entertaining a complaint for declaratory judgment, the court must consider whether it is vested with proper subject matter jurisdiction. *Lowe v. Ingalls Shipbuilding,* 723 F.2d

1173, 1177 (5th Cir.1984) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil 2d § 2766 at 731–734 (2d ed. 1983)). When considering the issue of whether it is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (1992), the court's inquiry is twofold: (a) whether the requisite monetary threshold has been crossed, i.e., whether the amount "in controversy exceeds the sum or value of $50,000"; [1] and (b) whether there is complete diversity of citizenship among the parties. When "one or more plaintiffs sue one or more defendants, each plaintiff must be of a different citizenship than each defendant." *Lowe*, 723 F.2d at 1177. "The court has a duty to make the inquiries necessary to establish its own jurisdiction" when placed in question. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990); *see Corwin Jeep Sales & Services, Inc. v. American Motors Sales*, 670 F.Supp. 591, 596 (M.D.Pa. 1986) (once removal is contested via remand motion, district court obligated to review the issue of whether it has jurisdiction). Lack of complete diversity among the parties to the declaratory judgment action, plaintiffs argue, renders defendants' removal improvident; therefore, the case should be remanded to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The pertinent statutory language provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**B. Was Defendant Delta Storage and Distribution Fraudulently Joined to Destroy Complete Diversity?**

Defendants contend that plaintiffs "fraudulently joined" Delta Storage and Distribution as a co-defendant in their complaint, to avoid federal court jurisdiction. "[T]he burden of proving that a plaintiff fraudulently joined [a] nondiverse defendant[ ] is heavy. *Green v. Amerada Hess Corporation*, 707 F.2d 201, 205 (5th Cir.1983) *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984)." *Ford v. Murphy Oil U.S.A., Inc., et al.*, 750 F.Supp. 766, 770 (E.D.LA.1990). *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)

("burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed" heavy). "[T]he removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against" the non-diverse defendant under state law, or, an outright fraud in plaintiffs' pleading of the facts. *Id.* (emphasis in original) The phrasing of the legal test in the case of a removed declaratory judgment action is slightly revised and may be expressed as follows: Declaratory defendants "must show there is no possibility that [the non-diverse defendant] could establish a cause of action against" declaratory plaintiffs "under Mississippi law." *Dunn v. State Farm & Casualty Company*, 711 F.Supp. 1359, 1360 (N.D.Miss.1987) (citing *B., Inc.*, 663 F.2d at 549). The court is not convinced that the declaratory defendants, if unsuccessful in satisfying certain claims against an insolvent bankrupt debtor which declaratory plaintiffs allegedly control, could not obtain a recovery against the declaratory plaintiffs based on an alter ego theory. Having found that joinder of the Mississippi defendant was not fraudulent, the court concludes that it lacks original diversity jurisdiction. Remand of this case, therefore, is unavoidable. An order in accordance with this memorandum opinion shall be entered this day.

---

**1.** The sufficiency of the jurisdictional sum is not contested.