**COLONIA INSURANCE COMPANY,**
Plaintiff,

v.

**Vincent WILLIAMS and Melvin Cleveland, Defendants.**

**No. 1:95CV288–S–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

Oct. 1, 1996.

James R. Moore, Jr., John M. Breland, Jackson, MS, for Plaintiff.

Levi Boone, III, Cleveland, MS, for Defendant Williams.

Harold H. Mitchell, Jr., Greenville, MS, for Defendant Cleveland.

## OPINION

SENTER, Chief Judge.

This Declaratory Judgment action is presently before the court upon Colonia Insurance Company's Motion for Summary Judgment. Consistent with the findings of the court in this opinion, this cause of action is dismissed without prejudice.

## FACTS

This case is a continuation of the "perfect law school hypothetical" present in its companion case, Williams versus Bill's Auto Sales and Cleveland, "individually and as an agent and employee of Bill's Auto Sales."[1] An automobile accident occurred on April 4, 1994, in Cleveland, Mississippi, between two Mississippi residents—Williams and Cleveland, the driver of a truck owned by Bill's Auto. More than one year later, Williams filed suit on June 12, 1995, in the Circuit Court of Bolivar County, Mississippi, alleging negligence against Bill's Auto Sales and Melvin Cleveland, "individually, and as agent and employee of Bill's Auto Sales." On June 13, 1995, a summons bearing the name of Melvin Cleveland was served at 511 Murphy Street, Cleveland, Mississippi. Cleveland and Williams dispute whether Cleveland was personally served. Cleveland did not respond to the complaint or the summons.

The Bolivar County Circuit Court entered a default judgment on August 16, 1995, against Melvin Cleveland "individually, and as agent and employee of Bill's Auto Sales" in the amount of $50,000. On the following day, Williams mailed a copy of the default judgment to Colonia Insurance, insurer of Bill's Auto, asking that the insurance company pay the default judgment taken against Melvin Cleveland "individually, and as agent and employee of Bill's Auto Sales." Colonia Insurance filed this action on October 17, 1995, seeking a declaration as to its liability in regard to the default judgment entered against Cleveland.

On March 12, 1996, Cleveland filed a motion in state court to set aside the default judgment based on lack of personal jurisdiction. Finally, on March 15, 1996, Williams served process on Bill's Auto through its owner, Bill Orman, an Arkansas resident, for the complaint which had been filed on June 12, 1995. Bill's Auto filed a notice of removal on April 15, 1996, basing jurisdiction on diversity of citizenship. Defendant Cleveland then filed a "Renewal of Motion to Set Aside Default Judgment" with this court on June 25, 1996. By separate opinion and order entered on this same date, this court remanded the cause of action to state court for lack of subject matter jurisdiction because Cleveland continued to be a non-diverse party in the controversy.

In the case at bar, Colonia asks the court to enter a judgment declaring that Colonia has no duty to pay any sum as a result of the default judgment; that Colonia has no duty to provide legal counsel to Melvin Cleveland "in connection with the aforementioned default judgment or the enforcement thereof, or in connection with any aspect of the civil action filed against Cleveland by the Defendant, Vincent Williams, out of which said default judgment arose"; that defendants be restrained from instituting further litigation in any other court concerning the dispute pending a final determination by this court; and, that Colonia be awarded attorneys' fees. Alternatively, Colonia asks the court to set aside the default judgment or, in the event the court finds liability does exist, that the court enter a judgment declaring the extent of such liability. Colonia Insurance filed a Motion for Summary Judgment on July 10, 1996.

## DISCUSSION

The Declaratory Judgement Act provides, in relevant part:

In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

1. Case number 2:96CV72–S–B

28 . U.S.C. § 2201(a). The Declaratory Judgment Act expands the range of remedies available in federal courts but does not extend subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950). Under Article III, Section 2, of the Constitution of the United States, the existence of a "case or controversy" is a condition precedent to the proper exercise of judicial power by a federal court and the Declaratory Judgment Act cannot relax that constitutional requirement. *Skelly Oil*, 339 U.S. at 671, 70 S.Ct. at 878–79. Therefore, prior to deciding whether to exercise its discretion and allow a declaratory judgment action to be brought, the court must first examine jurisdiction. *Scott v. Chevron U.S.A., Inc.*, 824 F.Supp. 613, 614 (N.D.Miss.1993).

By its own peculiarities, the Declaratory Judgment Act makes determination of "actual case or controversy" difficult. If applied too stringently, plaintiffs would never be afforded the very relief the Act was intended to provide. On the other hand, a liberal interpretation of case or controversy would place federal courts in the business of issuing advisory opinions. Recognizing the onerous task of a correct determination, the Supreme Court said:

> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if not impossible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). The Fifth Circuit provided further guidance in this case-by-case determination by finding that a justiciable controversy in a declaratory judgment action "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corporation*, 383 F.2d 662, 665 (5th Cir.1967).

While courts generally find no "actual controversy" where declarations are to be based on hypothetical contingencies, insurance cases provide an exception. In *Maryland Casualty*, the Supreme Court held that a liability insurer may bring an action against its insured and a person he has injured, seeking a declaration of noncoverage, even though the injured person contends that no controversy can exist between him and the insurance company until he has obtained a judgment against the insured. Here, however, the court is presented with an entirely different situation.

■ First, Colonia asks for a declaration in regard to its liability as the insurer of Bill's Auto for the default judgment entered by the state against Melvin Cleveland "individually and as an agent and employee of Bill's Auto." Colonia concerns itself with the default judgment specifically. Because the vitality of the default judgment is at issue in the Circuit Court of Bolivar County, this court finds that a declaration in regard to Colonia's obligations under the default judgment is not "ripe" and, therefore, there is no justiciable controversy. The function of the ripeness doctrine is to prevent federal courts "through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).

■ Additionally, Colonia does not name the insured, Bill's Auto, as a defendant in its declaratory judgment action thereby creating an assumption with the court that Colonia does not deny its liability for any judgment which may stand against Bill's Auto. Basically, Colonia seeks resolution of the state tort law question of agency between Bill's Auto and its employee, Melvin Cleveland.[2]

---

2. In previous orders issued by this court, Cleveland was referred to as an insured of Colonia.

That reference is not an indication that this court has any opinion regarding the agency issue. The

Wright and Miller tell us, "It is very different if the insurer does not deny that if its insured is liable, the insurer must pay, and instead seeks only a declaration that the insured is not liable to the injured person. Here the declaration serves no useful purpose and is only a procedural attempt, which the courts ought to rebuff, to litigate the claim against the insured in a forum of the insurer's choice." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil 2d § 2760 at 665 (2d ed. 1983).

Finding that this court lacks subject matter jurisdiction because no actual case or controversy presently exists, this cause is dismissed without prejudice. An order in accordance with this opinion shall be issued.

## ORDER

In accordance with a memorandum opinion issued concurrently, IT IS HEREBY ORDERED:

That this cause of action is dismissed without prejudice because this court is without subject matter jurisdiction to exercise judicial power in this matter.

SO ORDERED this 1st day of October, 1996.

court was merely reciting matters as the pleadings indicated.